UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EZMA SMITH,<br><br>        Plaintiff,<br><br>    vs.<br><br>ASSOCIATES IN BEHAVIORAL<br>COUNSELING, P.C. and<br>ABC'S ASPIRE, LLC, TERESA<br>VANNATTA and<br>MICHELE BOBERG,<br><br>        Defendants. | Case No. 1:11-cv-00610-TAB-TWP |

### RESPONSE IN OPPOSITION TO MOTION TO ALLOW TIME TO COMPLETE DISCOVERY BEFORE RESPONDING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff's request for additional time to complete discovery prior to responding to Defendants' Motion for Summary Judgment is procedurally and substantively flawed and should be denied. The Plaintiff fails to comply with the clear mandates of Federal Rule of Civil Procedure 56(d) requiring an affidavit or declaration establishing sufficient support for such a request. The Plaintiff does not – and cannot – establish the relevance of the information requested to the Defendants' Motion for Summary Judgment. The documents requested are simply unrelated to the narrow issues presented on summary judgment and will not assist Plaintiff in attempting to create an issue of fact. As stated in Defendants' Motion for Summary Judgment, no genuine issues of material fact exist and a further delay to allow Plaintiff to obtain irrelevant and undiscoverable materials is unnecessary. Accordingly, Plaintiff's request to allow additional discovery should be denied.

## **ARGUMENT**

Plaintiff fails to comply with Federal Rule of Civil Procedure 56(d) and her motion for additional discovery should therefore be denied.  As this Court is aware, Fed.R.Civ.P.56(d) allows a nonmovant on summary judgment to obtain additional discovery in order to respond if the nonmovant "shows by <u>affidavit or declaration</u> that, for specified reasons, it cannot present facts essential to justify its opposition."  (emphasis added), *see also, A.M.T. v. Gargano*, 781 F.Supp.798, 801 (S.D. Ind. 2011) (stating that Rule 56(d) requires the submission of an affidavit detailing the discovery counsel plans to conduct).  Specifically, the nonmoving party is required to make a good faith showing why it cannot respond by submitting a Rule 56(d) affidavit providing (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant had made to obtain those facts; and (4) why these efforts were unsuccessful.  *Buquer v. City of Indianapolis*, 2012 WL 829666, *2 (S.D. Ind. 2012).  The Plaintiff simply fails to comply with these basic requirements of Rule 56(d), and her motion should therefore be denied.

First, the Plaintiff fails to submit an affidavit or otherwise verify its motion as required by the plain language of Rule 56(d).  For this reason alone, Plaintiff's motion should be denied.  However, the Plaintiff's failures go well beyond this procedural omission.  Specifically, the Plaintiff wholly fails to identify the facts that she seeks through additional discovery, or explain how those facts are to be obtained from the information requested.  Additionally, the Plaintiff fails to prove that the requested information may lead to the creation of a genuine issue of material fact necessary to defeat Defendants' summary judgment motion.  Rather, the Plaintiff provides an incomplete description of the history of her discovery requests and the overbroad

and confidential information she seeks – without directly relating that information to any fact at issue in Defendants' summary judgment motion.

It is important to note at the outset that the Plaintiff's motion provides an incomplete picture of the parties' discussions related to Plaintiff's overbroad request for documents. Admittedly, the preparation of a protective order related to the production of certain confidential financial and patient information was discussed. However, that discussion occurred only with respect to those confidential documents which were relevant to this matter, if any. Throughout the discovery process, the Defendants made Plaintiff very aware of their continued objection to the production of confidential financial and patient information. As such, the Defendants expressly requested that the Plaintiff explain how those documents were relevant to the issues presented in this litigation. This same request was made by telephone on July 10, 2012. If the Plaintiff could establish the relevance of the documents, the Defendants would produce the documents subject to a protective order. However, the documents have not been produced and the protective order has not been prepared because the Plaintiff is simply unable to establish the relevance of the requested documents. The discussion about the preparation of a protective order occurred only after Plaintiff was able to demonstrate how this information was relevant. Plaintiff has not—and cannot—demonstrate the relevancy of this financial information is not entitled to engage in a fishing expedition hoping to uncover something.

Not surprisingly, the Plaintiff's motion fails – yet again – to establish the relevancy of the requested documents. A cursory review of Plaintiff's motion reveals that the documents requested have absolutely no relevance to this case as a whole, much less the narrow issues presented in Defendants' motion for summary judgment. Simply put, the Plaintiff fails to show this Court what facts it hopes to obtain from the requested discovery and how this information

will create a genuine issue of material fact sufficient to defeat Defendants' summary judgment motion. To the contrary, it appears that Plaintiff's request amounts to nothing more than a fishing expedition designed to delay this matter. Unfortunately for the Plaintiff, Rule 56(d) requires more than mere speculation and unfounded theories of relevancy to extend a party's obligations to respond to summary judgment.

### (A) Payroll Information for Other Employees

The requested payroll records have no relevance to the pending motion for summary judgment. In support of her request, the Plaintiff asserts that payroll information for three unrelated employees of Defendant is generally relevant to her claim for overtime wages – which includes FLSA and breach of contract claims. According to Plaintiff, this information may prove a former and a current employee were treated as hourly employees at some point in the past. The Plaintiff fails, however, to explain how this is relevant to the motion for summary judgment. This, of course, is not surprising because payroll records of three (3) unrelated employees has no relevance to the Plaintiff and certainly has no relevance to Plaintiff's response to summary judgment.

The Defendants' motion for summary judgment on Plaintiff's claims for overtime compensation under the FLSA is based upon the relevant statute of limitations and whether Smith – and only Smith – is exempt from the overtime requirements of the FLSA. There is simply no basis in logic or the law to suggest that the compensation structure of other employees of an organization will have a factual bearing on whether Plaintiff's claim was timely filed under the relevant statute of limitations. The statute of limitations analysis has nothing to do with the compensation paid to other employees and everything to do with the date this matter was initiated and the dates of alleged non-payment of overtime as asserted by the Plaintiff. As more

fully set forth in the Memorandum of Law in Support of Defendants' Summary Judgment, these facts are undisputed and no additional discovery is necessary. (*See*, Dkt. 43, pp. 11-12, 20-22)

Likewise, the payroll information related to these other employees – one that was terminated prior to Plaintiff becoming an employee – has no impact on Plaintiff's classification as a bona fide administrative employee. Rather, this analysis requires only a review of Smith's job description and requirements and the factors which define an "employee employed in a bona fide administrative capacity." *See*, 29 C.F.R. § 541.200(a), *Schaefer-LaRose v. Eli-Lilly & Co.*, 663 F.Supp. 674, 688-89 (S.D. Ind. 2009). Again, the facts are undisputed and no additional discovery is necessary to resolve this issue. Defendants' position on this issue is based upon Plaintiff's lengthy deposition testimony as to her job duties and responsibilities. (Dkt. # 43, pp. 12-20). Simply put, the Plaintiff fails to show how payroll records for other employees will create any factual issue related to her classification as an administrative employee exempt from the overtime requirements of the FLSA.

Finally, the requested payroll information also has no relevance to Defendants' argument with respect to Plaintiff's breach of implied contract and unjust enrichment claims. Defendants' request for summary judgment on these claims is purely a legal question that involves no factual issues whatsoever. Rather, the resolution of summary judgment on these claims requires only a review of the relevant law to determine whether the FLSA is the exclusive remedy for alleged unpaid overtime compensation. There is no need for <u>any</u> discovery on this issue, let alone the irrelevant and overbroad discovery requested by the Plaintiffs. The payroll information requested by Plaintiff will not create a genuine issue of material fact with respect to Plaintiff's overtime claims, and the production of the requested payroll information is wholly unnecessary. Accordingly, Plaintiff's Rule 56(d) Motion should be denied.

**(B)** <u>**Personal and Corporate Tax Returns**</u>

The personal and corporate tax returns and related documents requested by Plaintiff likewise have no relationship to Defendants' Motion for Summary Judgment and are therefore unnecessary to Plaintiff's response. Plaintiff's attempt to establish the relevancy of this information is confusing and ignores the undisputed testimony regarding Plaintiff's flawed effort to pierce the corporate veil. The Plaintiff begins by properly setting forth the well-established factors a court considers in piercing the corporate veil to hold shareholders <u>personally liable</u> for claims against a corporation. However, the unverified, undesignated, unsubstantiated and unauthenticated factual support the Plaintiff provides does not remotely support a claim that Defendants Boberg and Vannatta should be personally liable.

At best, Plaintiff's inadmissible diatribe describes the relationship between the two corporate Defendants – a Professional Corporation and Limited Liability Company – and alleged failure to adhere to a distinction between the two entities. However, at no point does the Plaintiff point to any evidence that suggests there is support for piercing the corporate veil to hold Vannatta and Boberg personally liable. Nor does the Plaintiff establish how the requested tax information is relevant to Defendants' Motion for Summary Judgment or how it will create an issue of fact. The Plaintiff unequivocally testified in her deposition to the sole basis for asserting Vannatta and Boberg are personally liable and it has nothing to do with tax returns. As more fully explained in Defendants' Memorandum of Law, this evidence is simply insufficient to satisfy Plaintiff's burden and additional discovery is <u>not</u> necessary. (Dkt. #43, pp. 29-31). Plaintiff's demand for corporate and individual tax returns is without merit, and Plaintiff's Rule 56(d) Motion on that basis should be denied.

**(C)** <u>**Remaining Documents**</u>

Finally, the Plaintiff does not even bother to attempt to establish the relevancy of the remaining documents she has requested. Accordingly, Plaintiff's motion with respect to the financial reports and attorney invoices and correspondence should be denied. Specifically, the Plaintiff requests financial reports for Associates in Behavioral Counseling, P.C. for the period of 2005 to 2009. That being said, the Plaintiff wholly fails to mention the claimed relevancy of these documents. Nonetheless, the issues presented in Defendants' Motion for Summary Judgment are simply unrelated to the financial status of the ABC, P.C., and those documents will not create an issue of fact. Accordingly, Plaintiff's Rule 56(d) motion should be denied with respect to the financial reports of ABC, P.C.

Finally, the Plaintiff requests "any correspondence or invoicing from an attorney advising of Ezma's FLSA exemption status." This request does not support a 56(d) request to allow additional discovery for several reasons. First, the Plaintiff admits that this request was not made prior to July 10, 2012 – nearly three (3) months after the close of discovery. As a result of Plaintiff's failure to timely request this information, the 56(d) motion should be denied with respect to the attorney correspondence and invoicing.

Even if the Plaintiff had timely requested this information, it is privileged and undiscoverable. It is well-established that correspondence containing legal advice is privileged attorney-client communication. *Harper v. Auto-Owner's Ins. Co.,* 138 F.R.D. 655 (S.D. Ind. 1991). Further, because attorney's fees related to advice given several years before this litigation is not an issue in the case, the invoices are irrelevant and not discoverable. Finally, the Plaintiff likewise fails to establish how these documents are in any way related to Defendants' Motion for

Summary Judgment. Accordingly, Plaintiff's Rule 56(d) Motion with respect to the attorney correspondence and invoicing should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Allow Time to Complete Discovery Before Responding to Defendants' Motion for Summary Judgment, require the Plaintiff to respond to Defendants' Motion for Summary Judgment by July 30, 2012, and all other just and proper relief.

Respectfully submitted,

DELK McNALLY LLP

/s/ Jason R. Delk
Jason R. Delk, Atty #24853-18
Daniel J. Gibson, Atty #27113-18
DELK McNALLY LLP
421 S. Walnut St., Suite 200
Muncie, IN 47305
E-mail: delk@delkmcnally.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the above and foregoing has been served via the Court's electronic case filing system this 19th day of July, 2012, to the following:

>Gregory Bowes
>greg@gregbowes.com


>s/ Jason R. Delk
>Jason R. Delk

DELK McNALLY LLP
421 S. Walnut Street
Suite 200
Muncie, IN 47305
Telephone: 765/896-9495
Facsimile: 888/453-0545