UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EZMA M. SMITH,                          )<br>         Plaintiff,                            )<br>                                                )<br>    vs.                                           )<br>                                                )<br>ASSOCIATES IN BEHAVIORAL      )<br>COUNSELING, P.C., and ABC'S ASPIRE,  )<br>LLC,                                          )<br>         Defendants.                         ) | 1:11-cv-610-TAB-TWP |

**ORDER ON PLAINTIFF'S MOTION TO COMPLETE DISCOVERY**

**I.    Introduction**

Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff Ezma Smith requests additional time to complete discovery before responding to Defendants' motion for summary judgment.[1]  Plaintiff seeks a series of tax returns, pay stubs, financial reports, and "any correspondence or invoicing from any attorney advising on Ezma's FLSA exemption status." [Docket No. 56 at 4–5.]  Plaintiff, however, failed to submit an affidavit or declaration, did not adequately specify the reasons she cannot present facts essential to justify opposition to summary judgment, and was dilatory in seeking the requested discovery.  Plaintiff also did not file a reply responding to these shortcomings.  Accordingly, Plaintiff's motion for additional time to complete discovery [Docket No. 56] is denied.

---

[1]Despite Plaintiff's request for additional discovery before responding to Defendants' summary judgment motion, Plaintiff responded on July 30, 2012.  [Docket No. 59.]

**II.     Discussion**

Federal Rule of Civil Procedure 56(d) provides "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *See also Yessenow v. Hudson*, No. 2:08-CV-353, 2011 WL 3667488, at *3 (N.D. Ind. Aug. 22, 2011) ("[T]he moving party must show: (1) good cause for the discovery delays; (2) the specific discovery that is necessary to prepare a response to the motion for summary judgment; and (3) that the additional discovery will give rise to a genuine issue of material fact."). Plaintiff failed to provide an affidavit or declaration, did not adequately provide specific reasons for extending discovery, and was dilatory in obtaining the requested discovery.

   *1.     Affidavit or declaration*

It is within the Court's discretion to deny a Rule 56(d) motion for failure to file an affidavit or declaration. *Id.* (explaining that failure to attach an affidavit to the movant's motion is fatal); *Smith v. Dominick's Finer Foods, Inc.*, No. 05-C-4461, 2009 WL 2358580, at *2 (N.D. Ind. July 28, 2009) ("While Rule 56[d] requires the submission of a supporting affidavit, a court has discretion to ignore the failure to comply with that requirement if the party otherwise clearly sets out the justification for a continuance."). Defendants identified this flaw in their response [Docket No. 57 at 2], yet Plaintiff did not file a reply or otherwise attempt to address her failure to comply with Rule 56(d)'s affidavit requirement. The Court therefore exercises its discretion and denies Plaintiff's motion.

2.     *Specificity*

Plaintiff also fails to adequately specify reasons that the requested discovery would raise a genuine issue of material fact, and thus there is an additional basis to deny Plaintiff's motion. Defendants' motion for summary judgment argues that Plaintiff's claims are barred by the statute of limitations, that state law claims are inappropriate because the FLSA is Plaintiff's exclusive remedy, and that Plaintiff waived her right to bring a breach of contract action. Payroll information, tax records, and financial reports are not relevant to addressing these purely legal arguments.

Defendants' summary judgment motion also argues that an administrative exemption applies. Plaintiff argues that payroll information is "likely to confirm Ms. Smith's claim that she is entitled to overtime pay if those records show the other two employees were treated as hourly employees." [Docket No. 56 at 6.] Plaintiff, however, fails to explain how the employment status for two other employees confirms Plaintiff's status as an hourly employee. Without further explanation by Plaintiff, there is an insufficient basis to believe that payroll information could raise a genuine dispute of material fact.

Plaintiff also fails to adequately explain how the tax and financial information is relevant to piercing the corporate veil. While Plaintiff lists the factors that a court should consider when determining if a corporate veil should be pierced, Plaintiff fails to draw a connection between any of those factors and tax and financial information. Plaintiff claims that tax records show that Kay Roe was not appropriately identified as an owner on tax returns and there are inconsistencies between tax returns and expenses on a credit card account. [Docket No. 56 at 6.] But without further explanation and development of Plaintiff's argument, it is a stretch to

imagine how such information could possibly pierce the corporate veil.  Finally, Plaintiff completely fails to discuss "any correspondence or invoicing from any attorney advising on Ezma's FLSA exemption status," and fails to explain how such information is not subject to attorney-client and work-product privileges.  [Docket No. 56 at 4–5.]  Accordingly, Plaintiff has not satisfied Rule 56(d)'s requirement that the moving party identify specific reasons that it cannot present facts essential to justify opposition to summary judgment.

        *3.*     *Delay*

Plaintiff also was dilatory in seeking the requested information.  *See Yessenow*, 2011 WL 3667488, at *2 ("Rule [56(d)] does not operate to protect parties who are dilatory in the pursuit of discovery.").  The discovery deadline related to liability was March 6, 2012, and extended to April 20, 2012.  [Docket No. 56 at 1.]  Plaintiff's motion outlines extensive attempts taken by Plaintiff's counsel to confer in good faith with opposing counsel to obtain the discovery.  While the parties attempted to confer in good faith before involving the Court, Plaintiff waited from January 28, 2012, to July 3, 2012, before raising the need for discovery with the Court.  [*See* Docket No. 54.]  At some point, counsel must recognize that continuing to confer with opposing counsel is futile and should bring the dispute before the Court.  The appropriate time to involve the Court is well at hand when months pass with no success and when an already-extended discovery deadline draws near, not several months after the discovery deadline and nearly a month after Defendants moved for summary judgment.  *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056–57 (7th Cir. 2000) (affirming the denial of additional discovery when "the issue of additional discovery was raised for the first time almost four months after the close of discovery and nearly one month after Ms. Kalis' response to the summary judgment motion

should have been filed."). This delay compels the Court to conclude that Plaintiff was dilatory in seeking the requested discovery. Plaintiff's motion is also denied for this reason.

**III.    Conclusion**

For the reasons above, Plaintiff's motion for additional time to conduct discovery [Docket No. 56] is denied.

Dated:  08/02/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Gregory P. Bowes
BOWES & ASSOCIATES. P.C.
greg@gregbowes.com

Jason R. Delk
DELK MCNALLY
delk@delkmcnally.com

Daniel J. Gibson
DELK MCNALLY
gibson@delkmcnally.com